IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GLENN LENNON and**
**THELMA LENNON**                                                                                    **PLAINTIFFS**

V.                                                                      CAUSE NO. 1:11CV452-LG-JMR

**NATIONWIDE PROPERTY AND**
**CASUALTY INSURANCE COMPANY**
**and JOHN DOES A, B, C, D and E**                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [26] Motion for Summary Judgment filed by Defendant Nationwide Property and Casualty Insurance Company ("Nationwide"). Plaintiffs Glenn and Thelma Lennon filed this action after their home was damaged in a fire and Nationwide denied their insurance claim. They allege claims of breach of contract and bad faith. Nationwide moves for summary judgment on the grounds that Glenn Lennon committed arson, and it lawfully denied the Lennons' claim based on an exclusion for intentional acts. Plaintiffs have not responded to the Motion. As set forth below, the Court finds that Nationwide is entitled to judgment as a matter of law on the Lennons' claims. The Motion will be granted.

### BACKGROUND

Plaintiffs Glenn and Thelma Lennon had a Nationwide homeowners insurance policy that provided coverage for fire and fire-related damage to their property. (Pl.'s Compl. Ex. B, ECF No. 1-3). In late October 2008, a fire damaged the Lennons' home. The record indicates that the Lennons filed a claim with

Nationwide within a day of the fire. (*See* Def.'s Mot. Ex. C, ECF No. 26-3). According to the Lennons' complaint, they cooperated in Nationwide's investigation, but Nationwide refused to pay their claim. (Compl. 7-9, ECF No. 1-2). They allege this amounts to breach of contract and bad faith. (*Id.* at 4-6). They seek compensatory damages, attorney's fees, and punitive damages. The record in this action shows that the Lennons were initially represented by counsel, who later withdrew. They were given time to secure new counsel, but have not done so. (*See* Agreed Order, ECF No. 22). The Lennons now proceed *pro se.*

In support of its Motion for Summary Judgment, Nationwide submits evidence that on the day of the fire, Plaintiff Glenn Lennon was arrested for conspiracy to commit arson. (Def.'s Mot. Ex. D, ECF No. 26-4). He was indicted for arson in the Circuit Court of Jackson County in April 2009. (Def.'s Mot. Ex. G, ECF No. 26-7). Greg Lewis, a relative of Lennon's, was also arrested and indicted at the same time. (*See id.*; Def.'s Mot. Ex. D, ECF No. 26-4). According to Nationwide, its claims investigator worked with local law enforcement while reviewing the Lennons' claim, and heard the taped confessions Lennon and Lewis gave the police about their plan to burn the house for insurance proceeds. (Def.'s Mot. Ex. J, ECF No. 26-10). Nationwide denied the Lennons' claim on April 27, 2009, citing an exclusion for intentional acts and a provision on concealment or fraud. (Def.'s Mot. Ex. K, ECF No. 26-11).

According to the record, Lewis was convicted of arson in the first degree later that year and sentenced to fifteen (15) years' imprisonment. (Def.'s Mot. Ex. H,

ECF No. 26-8). Lennon's criminal case was passed to the court's inactive files "due to health reasons of the Defendant" in July 2010. (Def.'s Mot. Ex. I, ECF No. 26-9).

## DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once Nationwide, as the moving party, has satisfied this requirement, Plaintiffs, who have the burden of proof at trial, bear the burden of proof to show that the motion for summary judgment should not be granted. *See id.* at 322-25. The Court views the facts in the light most favorable to the Lennons as the nonmoving party. *See Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). At the same time, the Lennons may not rest upon mere allegations or denials in their pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

Nationwide submits correspondence from the State Fire Marshall's Office stating that it ruled the cause of the fire at the Lennons' home to be incendiary based on evidence that the fire had been intentionally set. (Def.'s Mot. Ex. E, ECF No. 26-5). Nationwide also submits a video recording of Mr. Lennon's interview with police following his arrest. During the interview, Lennon admits he and Lewis

had discussed burning the Lennons' home while drinking at a local bar several months earlier.  Lennon told Lewis that the insurance on his home had increased, and he needed to get rid of the house.  According to Lennon, "one thing led to another," and they "talked about a deal" in which Lennon initially offered Lewis $5,000, and after they "bargained on a price," Lennon agreed to pay Lewis "about $8,000" to burn the house.  (Def.'s Mot. Ex. F, ECF No. 26-6).  Lennon emphasized to the police that while he and Lewis had talked about the deal "back then," Lennon had since backed out.  (*Id.*)  Lennon explained that after his conversation with Lewis, he learned his home was eligible for the federal government's flood buyout program, and he planned to take approximately $140,000 from the government for his property.  (*Id.*)  Therefore, it would no longer be beneficial to burn the house for insurance proceeds.  (*Id.*)  However, Lennon admitted that he never told Lewis about his plan to participate in the buyout instead of their agreement.  (*Id.*)

Under the Lennons' insurance policy, intentional acts are "loss resulting from an act committed by or at the direction of an insured," and "include criminal acts." (Pl.'s Compl. Ex. B D1, ECF No. 1-3).  The policy is explicit that intentional acts "exclude coverage for all insureds." (*Id.*)  There is also a general provision on concealment or fraud, which provides that the policy is "void as to all insureds" if, after a loss, an insured intentionally conceals or misrepresents a material fact, or otherwise commits fraud or makes a false statement related to the loss.  (Pl.'s Compl. Ex. B L1, ECF No. 1-3).  Nationwide's letter denying coverage for the Lennons' claim cited both of these provisions.

The evidence submitted by Nationwide establishes that it had a legitimate basis to deny the Lennons' claim, and its denial did not constitute a breach of contract.  Nationwide has presented evidence that Lennon planned with Lewis to burn his property so that he could collect under his insurance policy, and that he was going to pay Lewis from those proceeds.  The Lennons have not denied this.  They have not responded to the Motion for Summary Judgment, and have not put forth any argument that there is an issue of material fact for trial.  They have not refuted the evidence Nationwide has presented, or submitted any evidence of their own to contradict the assertion that Mr. Lennon committed arson.

Based upon the record before it, the Court finds that the Lennons cannot succeed on a breach of contract claim under the plain language of the policy, which specifically excludes losses for intentional acts.  Likewise, based on the evidence described above, Nationwide had an arguable, legitimate basis to deny the Lennons' claim.  There is no evidence that Nationwide acted with malice or gross negligence, and the Lennons make no argument in that regard.  Therefore, the Lennons cannot succeed on a claim of bad faith, and for the same reasons, they are not entitled to punitive damages.  Accordingly, the Motion for Summary Judgment is granted.  A separate judgment shall be entered.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [26] Motion for Summary Judgment filed by Defendant Nationwide Property and Casualty Insurance Company is **GRANTED**.   Plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 13th day of February, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE